**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DANNY JOE HOLMES, ) | |
| ) | Case No.   1:15-cv-01138 |
| Plaintiff, ) | |
| ) | |
| v.                                              ) | **COMPLAINT** |
| ) | |
| CONVERGENT OUTSOURCING, INC., ) | |
| ) | **JURY DEMANDED** |
| Defendant.                                 ) | |

Now comes the Plaintiff, DANNY HOLMES, by and through his attorneys, and for his Complaint against the Defendant, CONVERGENT OUTSOURCING, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Elwood, Indiana.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Washington, which is licensed to do business in Indiana, and which has its principal place of business in Renton, Washington.

**FACTS COMMON TO ALL COUNTS**

9. On April 30, 2012, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Southern District of Indiana, Case No. 12-05015-JMC-13.

10. On or about June 16, 2015, Defendant, on behalf of T-Mobile, placed a telephone call to Plaintiff in an attempt to collect the alleged debt which was included in Plaintiff's bankruptcy petition. During said conversation, Plaintiff informed Defendant's employee, agent and/or representative, who identified himself as "Troy Lane," that Plaintiff had filed for bankruptcy.

11. Defendant caused a collection notice, dated June 17, 2015, to be mailed to Plaintiff's home address, in an attempt to collect the alleged debt which was included in Plaintiff's bankruptcy petition.

12. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

13. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

14. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

15. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT III

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,<br>
DANNY HOLMES<br>
<br>
By:   /s/ David P. Leibowitz<br>
      Attorney for Plaintiff

David P. Leibowitz
Illinois Attorney No. 1612271
Admitted to Practice in the Southern District of Indiana
Jason Allen Law, LLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone:  (312) 940-7445
Fax:  (866) 359-7478
dleibowitz@uprightlaw.com